## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873(PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP.,) | | **Hearing Date: 11/5/02 at 9:30 a.m. (ET)** |
| Debtors | ) | **Objection Deadline: 10/28/02 at 4:00 p.m. (ET)** |

## APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY JONES, DAY, REAVIS & POGUE AS SPECIAL CORPORATE COUNSEL

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby apply to the Court for the entry of an order authorizing them to retain and employ Jones, Day, Reavis & Pogue ("Jones Day") as special corporate counsel in these chapter 11 cases, pursuant to section 327(e) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Debtors: (i) submit the Affidavit of Erica M. Ryland, a member of Jones Day (the "Affidavit"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference, and (ii) respectfully represent as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are section 327(e) of the Bankruptcy Code, and Rules 2014 and 2014-1 of the Bankruptcy Rules and Local Rules, respectively.

## Background

2. On October 3, 2002 (the "Petition Date"), CTC Communications Group, Inc. and CTC Communications Corp. filed petitions for relief under chapter 11 of the Bankruptcy Code and, on October 4, 2002, this Court approved a motion seeking joint administration of their cases. On October 9, 2002, CTC Virginia and CTC Leasing also filed petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have filed a motion for joint administration of all of their cases. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing in the management and possession of their properties as debtors in possession.

3. No trustee or examiner has been appointed in these chapter 11 cases. On October 15, 2002, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Committee") to serve in these cases.

4. The Debtors are an integrated communications carrier offering voice and data services predominantly to medium- and large-sized business customers in the Northeast and Mid-Atlantic states. The Debtors primarily derive revenue from: (i) reselling telecommunications services of other large telecommunications companies to Debtor's customers and (ii) selling voice, data and internet services on their own networks to customers. The Debtors currently have approximately 300 employees, including sales and service employees in 14 branch offices servicing markets in Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New Jersey, New York, Pennsylvania, Maryland and Washington, D.C.

5. Prior to January 1998, the Debtors were the largest independent sales agent for NYNEX Corp. and then Bell Atlantic (now Verizon), based on agency revenues measurements. At the end of 1997, before withdrawing from the Verizon agency program, the

Debtors were managing relationships for approximately 7,000 customers, representing over 280,000 local access lines and over $200 million in annual local telecommunications spending.

6.     In 1998, the Debtors commenced the build-out of their own state-of-the-art Internet Protocol ("IP") network (the "PowerPath® Network") to offer integrated data, Internet, local and long distance telephone services in a footprint covering the Northeast and Mid-Atlantic states. The network was first ready for commercial service in 1999 and has been expanded significantly in the ensuing years.

7.     The Debtors' long-term business model has been predicated on transitioning from a telecommunications reseller to a value added integrated telecommunications provider on their proprietary network, styled Mid-Atlantic states. The network was first ready for commercial service in 1999 and has been expanded significantly in the ensuing years. Following withdrawal from the Verizon agency program, the Debtors experienced rapid growth, first as a re-seller and later as they transitioned their business model from reseller to that of facilities based telecommunications provider.

8.     Prior to the commencement of these cases, a series of equipment and network delivery delays from vendors, combined with various technical and network implementation issues, hampered the Debtors' ability to fully implement their long-term business plan. Expected cost efficiencies from being facilities-based have not yet materialized. The Debtors have been taking positive actions toward a comprehensive financial restructuring and deleveraging of their balance sheets since the summer of 2002.

## Request for Authority to Retain and Employ Jones Day

9.     The Debtors desire to retain and employ Jones Day as special corporate counsel in their chapter 11 cases, pursuant to section 327(e) of the Bankruptcy Code, to represent the Debtors in certain aspects of their bankruptcy cases, as described below. Jones Day's

provision of services to the Debtors is contingent upon the Court's approval of the retention of Jones Day as special counsel. The Debtors now seek authority to employ Jones Day in these cases on the terms and subject to the conditions described below.

### *Jones Day's Qualifications*

10. Jones Day is particularly well suited for the type of representation required by the Debtors. Jones Day is one of the largest law firms in the United States, with a national and international practice, and has extensive experience in virtually all aspects of the law that may relate to Jones Day's role as special counsel in these cases. Jones Day also is familiar with the Debtors' businesses and financial affairs. Commencing in late August 2002, Jones Day assisted the Debtors with certain prepetition restructuring activities, during which Jones Day's professionals worked closely with the Debtors' management and other professionals and have become acquainted with the Debtors' corporate history, debt structure, business and related matters. Accordingly, Jones Day has developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.

### *Services to Be Provided by Jones Day*

11. The Debtors anticipate that Jones Day will act as special corporate counsel in these cases, to render advice with respect to the following areas:

(a) Assist the Debtors in any efforts to sell assets or raise investment capital, or engage in any similar capital markets activities;

(b) Provide the Debtors with any advice needed in connection with the federal securities laws;

(c) Provide such other general corporate advice as may be needed by the Debtors, so long as there is no unnecessary duplication of efforts with the

activities of the Debtors' bankruptcy counsel, Young Conaway Stargatt & Taylor, LLC ("Young Conaway").

### *Payment of Fees and Expenses*

12.     Subject to the Court's approval, Jones Day intends to: (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses incurred in connection with this engagement. Jones Day's hourly rates may change from time to time in accordance with Jones Day's established billing practices and procedures. Jones Day will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

13.     In the year prior to the Petition Date, the Debtors made payments to Jones Day in the aggregate amount of $500,000 (the "Prepetition Payments"), comprised of a payment of $150,000 on August 23, 2002, $50,000 on September 18, 2002, and $300,000 on October 2, 2002. As of the Petition Date, approximately $300,000 of the Prepetition Payments had not yet been applied to prepetition fees and expenses. Jones Day intends to provide to the Debtors a reconciliation of all prepetition fees and expenses, and the precise amount of any balance remaining, no later than December 15, 2002. The source of the Prepetition Payments was the Debtors' operating cash.

### *Disclosure Concerning Connections*

14.     To check and clear potential conflicts of interest in these cases and provide the requisite disclosure pursuant to Bankruptcy Rule 2014, Jones Day researched its client database for the past five years to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

- the Debtors and their nondebtor affiliates;
- the Debtors' current officers and directors;
- the Debtors' and their nondebtor affiliates' respective officers and directors and certain of their major business affiliations;
- the Debtors' 50 largest unsecured creditors on a consolidated basis as identified in the Debtors' chapter 11 petitions;
- the Debtors' secured lenders and/or bank creditors;
- Persons holding large percentage (5% or more) of the Debtors' issued and outstanding voting securities;
- the Debtors' strategic partners and joint ventures;
- the Debtors' significant lessors;
- the Debtors' significant customers;
- the Debtors' proposed postpetition lenders and their professionals;
- the Debtors' professionals in these bankruptcy cases;
- other significant parties in interest (including nondebtor parties to certain material leases and contracts).

15. The identities of the Interested Parties were provided to Jones Day by the Debtors and are set forth on Schedule 1 to the Affidavit. To the extent that Jones Day's research of its relationships with the Interested Parties indicated that Jones Day has represented in the past five years, or currently represents, any of these entities in matters unrelated to these chapter 11 cases, the identities of these entities and, for current clients, a brief description of the type of work performed by Jones Day for these clients are set forth on Schedule 2 to the Affidavit. Jones Day does not represent, has not represented, and will not represent any entity other than the Debtors in connection with these chapter 11 cases.

16. Of particular note in Schedule 2 are the following items:

(a) Verizon Communications, Inc. and certain of its affiliates (collectively "Verizon") is a significant creditor and vendor in these chapter 11 cases and a member of the Committee. Verizon is a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases. Jones Day will not provide advice to the Debtors on any matter concerning Verizon.

WP3:820534.1

61500.1001

(b)     Telcordia Technologies is another member of the Committee. Telcordia is the parent of a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

(c)     Williams Communications, LLC is a significant creditor of the Debtors and a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

(d)     The following entities and/or their affiliates are both members of the Debtors' secured lending group (the "Secured Lenders") and current clients of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases: Cisco; Credit Suisse First Boston; ING Barings; Fleet National Bank; RFC Capital Corporation; and Lehman Brothers.

(e)     The following entities and/or their affiliates are both holders of CTC Communications Group, Inc. preferred stock and current clients of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases: Bain Capital and Credit Suisse First Boston.

(f)     Jones Day also has worked with certain of the Debtors' other professionals in matters unrelated to these bankruptcy cases. For example, in other matters, Jones Day has worked with the Debtors' bankruptcy counsel, Young Conaway, and with the Secured Lenders' counsel, Mayer Brown Rowe & Maw ("Mayer Brown"). Mayer Brown is also a current client of the Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

17.     Despite the efforts described above to identify and disclose Jones Day's connections with parties in interest in these cases, because Jones Day is an international firm with more than 1,600 attorneys in 24 offices, and because the Debtors are a large enterprise with

-7-

thousands of creditors and other relationships, Jones Day is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Jones Day discovers additional information that requires disclosure, Jones Day will file a supplemental disclosure with the Court.

18. To the best of the Debtors' knowledge, information and belief, Jones Day represents no interest adverse to the Debtors or their respective estates in the matters for which Jones Day is proposed to be retained. Accordingly, the Debtors believe that Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code. The Debtors submit that their employment of Jones Day would be in the best interests of the Debtors' respective estates. The Debtors' knowledge, information and belief regarding the matters set forth herein are based, and made in reliance, upon the Affidavit and the Disclosure of Compensation.

### *Fee Applications*

19. Jones Day intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

### Notice

20. The Debtors have provided notice of this Application to the Office of the United States Trustee, the Debtors' prepetition secured lenders, the Committee and those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, given the nature of the relief requested and the absence of any adverse impact on any party in interest, no other or further notice need be given.

WP3:820534.1      61500.1001

WHEREFORE, the Debtors request that this Court enter an order authorizing the employment and retention of Jones, Day as special counsel for the Debtors and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       October ___, 2002

                          Respectfully Submitted,

                          **CTC COMMUNICATIONS GROUP, INC.,
                          CTC COMMUNICATIONS CORP.,
                          CTC COMMUNICATIONS OF VIRGINIA, INC., AND
                          CTC COMMUNICATIONS LEASING CORP.**

**By:** _____
                          John D. Pittenger
                          Chief Financial Officer

## EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873(PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP.,) | | |
| Debtors | ) | |

## AFFIDAVIT OF ERICA M. RYLAND

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) SS: |
| COUNTY OF NEW YORK | ) |

Pursuant to section 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Erica M. Ryland, being duly sworn, deposes and says:

1.      I am an attorney at law admitted and in good standing to practice in the State of New York, before the United States District Courts for the Southern and Eastern Districts of New York. I am a member of the law firm of Jones, Day, Reavis & Pogue ("Jones Day") and am duly authorized to make this Affidavit on behalf of Jones Day. I make this Affidavit in support of the Application of Debtors and Debtors in Possession for an Order Authorizing Them to Retain and Employ Jones, Day, Reavis & Pogue as Special Corporate Counsel (the "Application"). The facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto. Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

2.      The Debtors have asked Jones Day to act as special corporate counsel in these cases, to render advice with respect to the following areas:

-1-

61500.1001

(a)     Assist the Debtors in any efforts to sell assets or raise investment capital, or engage in any similar capital markets activities;

(b)     Provide the Debtors with any advice needed in connection with the federal securities laws;

(c)     Provide such other general corporate advice as may be needed by the Debtors, so long as there is no unnecessary duplication of efforts with the activities of the Debtors' bankruptcy counsel, Young Conaway Stargatt & Taylor, LLC ("Young Conaway").

3.     Subject to the Court's approval, Jones Day intends to: (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses incurred in connection with this engagement. Jones Day's hourly rates may change from time to time in accordance with Jones Day's established billing practices and procedures. Jones Day will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered. Jones Day intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

4.     In the year prior to the Petition Date, the Debtors made payments to Jones Day in the aggregate amount of $500,000 (the "Prepetition Payments"), comprised of a payment of $150,000 on August 23, 2002, $50,000 on September 18, 2002, and $300,000 on October 2, 2002. As of the Petition Date, approximately $300,000 of the Prepetition Payments had not yet been applied to prepetition fees and expenses. Jones Day intends to provide to the Debtors a

-2-

reconciliation of all prepetition fees and expenses, and the precise amount of any balance remaining, no later than December 15, 2002. The source of the Prepetition Payments was the Debtors' operating cash.

5.     To check and clear potential conflicts of interest in these cases and provide the requisite disclosure pursuant to Bankruptcy Rule 2014, Jones Day researched its client database for the past five years to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

- the Debtors and their nondebtor affiliates;
- the Debtors' current officers and directors;
- the Debtors' and their nondebtor affiliates' respective officers and directors and certain of their major business affiliations;
- the Debtors' 50 largest unsecured creditors on a consolidated basis as identified in the Debtors' chapter 11 petitions;
- the Debtors' secured lenders and/or bank creditors;
- Persons holding large percentage (5% or more) of the Debtors' issued and outstanding voting securities;
- the Debtors' strategic partners and joint ventures;
- the Debtors' significant lessors;
- the Debtors' significant customers;
- the Debtors' proposed postpetition lenders and their professionals;
- the Debtors' professionals in these bankruptcy cases;
- other significant parties in interest (including nondebtor parties to certain material leases and contracts).

6.     The identities of the Interested Parties were provided to Jones Day by the Debtors and are set forth on Schedule 1 to this Affidavit. To the extent that Jones Day's research of its relationships with the Interested Parties indicated that Jones Day has represented in the past five years, or currently represents, any of these entities in matters unrelated to these chapter 11 cases, the identities of these entities and, for current clients, a brief description of the type of work performed by Jones Day for these clients are set forth on Schedule 2 to this Affidavit. Jones Day does not represent, has not represented, and will not represent any entity other than the Debtors in connection with these chapter 11 cases.

WP3:820534.1    61500.1001

7.     Of particular note in Schedule 2 are the following items:

(a)     Verizon Communications, Inc. and/or certain of its affiliates (collectively "Verizon") is a significant creditor and vendor in these chapter 11 cases and, on information and belief, a member of the official creditors' committee (the "Committee"). Verizon is a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases. Jones Day will not provide advice to the Debtors on any matter concerning Verizon.

(b)     Telcordia Technologies is, on information and belief, another member of the Committee. Telcordia is the parent of a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

(c)     Williams Communications, LLC is a significant creditor of the Debtors and a current client of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

(d)     The following entities and/or their affiliates are both members of the Debtors' secured lending group (the "Secured Lenders") and current clients of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases: Cisco; Credit Suisse First Boston; ING Barings; Fleet National Bank; RFC Capital Corporation; and Lehman Brothers.

(e)     The following entities and/or their affiliates are both holders of CTC Communications Group, Inc. preferred stock and current clients of Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases: Bain Capital and Credit Suisse First Boston.

(f)     Jones Day also has worked with certain of the Debtors' other professionals in matters unrelated to these bankruptcy cases.  For example, in other matters, Jones Day has worked with the Debtors' bankruptcy counsel, Young Conaway, and with the Secured Lenders' counsel, Mayer Brown Rowe & Maw ("Mayer Brown").  Mayer Brown is also a current client of the Jones Day in matters wholly unrelated to the Debtors or these chapter 11 cases.

**[PAGE INTENTIONALLY LEFT BLANK]**

WP3:820534.1

61500.1001

8.     Despite the efforts described above to identify and disclose Jones Day's connections with parties in interest in these cases, because Jones Day is an international firm with more than 1,600 attorneys in 24 offices, and because the Debtors are a large enterprise with thousands of creditors and other relationships, Jones Day is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Jones Day discovers additional information that requires disclosure, Jones Day will file a supplemental disclosure with the Court.

9.     Neither I, Jones Day, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code.

10.     Jones Day has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among Jones Day's partners.

Dated: October 17, 2002

_Erica M. Ryland_
Erica M. Ryland

Sworn to and subscribed before
me this 17th day of October 2002.

_Alicia Farrington_
Notary Public

My Commission Expires: June 25, 2006

ALICIA FARRINGTON
NOTARY PUBLIC, State of New York
No. 01FA4966424
Qualified in Kings County
Certificate Filed in New York County
Commission Expires June 25, 2006

# CTC Communications Group, Inc.

## Interested Parties

**Debtors**

CTC Communications Group, Inc.
CTC Communications Corporation

**Direct and Indirect Subsidiaries of the Debtors**

CTC Communications Leasing Corporation
CTC Communications of Virginia, Inc.

**Current and Former Officers and Directors of the Debtors**

Katherine D. Courage
Michael H. Donnellan
Robert J. Fabbricatore
Thomas Fabbricatore
Henry Hermann
Michael Katzenstein
Frederick Kunzi
Jeffre C. Lavin
David E. Mahan
Kevin Maroni
Steven P. Milton
J. Richard Murphy
Mark E. Nunnelly
Russell Oliver
John D. Pittenger
Carl Redfield
Richard J. Santagati
Ralph C. Sillari
Scott M. Sperling
Ralph Troupe
Anthony D. Vermette

**Major Business Affiliations of the Debtors' Officers and Directors**

Atlantic Management Company Incorporated
Bain Capital, Inc.
BICSI
Broadwing, Inc.
Cisco
Celebrity Solutions, Inc.
Comm-Tract Corporation
Credit Suisse First Boston
Credit Suisse First Boston Equity Partners, L.P.

Domino's Pizza
DoubleClick, Inc.
Downeast Realty
E Schelon Telecom
Fisher Scientific International. Inc.
Fleet National Bank
GenTek, Inc.
Global Network Services
GoodHome.com
Hermann Companies
iBasis Inc.
LiveWire Systems LLC
Modus Media International Holdings, Inc.
Network Systems Integration
Northeast Optic Network, Inc.
Safelite Glass Corporation
Telecom Realty LLC
TH Lee, Putnam Capital
THL Equity Advisors IV, LLC
THL Equity Trust III
Thomas H. Lee
VA Linus Systems, Inc.
Wyndham International

**The Debtors' Professionals Identified for Employment in These Cases**

CXO LLC
Jones, Day, Reavis & Pogue
Miller, Buckfire Lewis & Co., LLC
Young, Conaway, Stargatt & Taylor

**Professional Advisors to Significant Creditors**

FTI Consulting, Inc.
Mayer, Brown, Rowe & Maw
Murphy Sheneman Julian & Rogers
Wilmer, Cutler & Pickering

**Debtors' Secured Lenders and/or Bank Creditors and Their Professionals**

Cisco Systems, Inc.
Credit Suisse First Boston
IBM Credit Corporation
ING (U.S.) Capital LLC
Lehman Commercial Paper Inc.
RFC Capital Corporation

Toronto Dominion

## Debtors' Strategic Partners and Parties to Significant Contracts with the Debtors

Acturna
Aptis
Cellular One, Vermont
Cisco Systems Capital Corporation
DQE, Inc.
Executive Conference, Inc.
Fiber Technologies
Genuity
Global Crossing
Integrated Communications, Inc.
Illuminet, Inc.
Level 3
Metromedia Fiber Network Services, Inc.
Mid Maine Communications
NEES Communications
NEON Optica, Inc.
Nstar
Oxford Networks
Penn Telecom, Inc.
Revolution Networks (Oxford Networks)
Sprint
Switch and Data Facilities Company, LLC
UUNET
Verizon
Verizon DF UNE
Williams Communications
Worldcom

## Parties Holding 5% Or More of the Debtors' Issued and Outstanding Voting Securities

Bain Capital Fund VI, L.P.
Credit Suisse First Boston Equity Partners, L.P.
Robert J. Fabbricatore
INVESCO Funds Group, Inc.
John Hancock Advisers, Inc.
Kevin J. Maroni
Spectrum Equity Investors II, L.P.
Scott M. Sperling
Thomas H. Lee Equity Fund IV, L.P.
Viking Global Performance LLC

## Debtors' Significant Trade Creditors

Constant Technologies, Inc.
Illuminet
Level-3 Communications
Nstar Electric
SNet Carrier Services
Swidler & Berlin
Verizon

## Parties to Significant or Potentially Significant Litigation Involving the Debtors

ABP Air Group, Inc.
Adirondack Medical Center
Avaya CCC Atlanta
  c/o American Bureau of Collections, Inc.
EXDS, Inc. f/k/a Exodus Communications, Inc.
Golden, Wexler & Sarnese, P.C.
Lanline Communications, Inc.
Network Partners, Inc.
Randall's Island Family Golf Centers, Inc.

## Significant Customers

AAA of Western & Central New York
Adelphia
AHRC: HQ
Allied Building Materials
American Payment Systems, Inc.
Ames Department Stores Corporation
Ann Taylor Global Sourcing
Baltimore Gas & Electric
BC Tri-States Inc.
Brockway Smith Company
Brown Rudnick Freed Gesmer PC
Camden National Corporation
Cape Cod Bank & Trust 63
Caritas Christi Data Group
Catholic Health System/Sisters
The Childrens Place
Cisco Systems Capital Corporation
CompUSA
Concentra Managed Care
CTC Communications - Corporate
DavCo Restaurant, Inc.
DeWolfe Corporate Offices
DIALOGIC, Inc.
DOCS /Medmark Physicians
Dress Barn
Duke Energy/Algonquin
East Orange, Virginia
East Side Clinical Labs
ENT & Allergy Associates, LP
Entergy
East Side Clinical Labs - auto dial lines
Financial Institutions, Inc.
First International Bank- CT
Frederick Memorial Hospital
Garber's Chestnut Hill
GNC, Inc.
Grove Hill Medical Center
Happy Harry's Corporation
Healthsouth
Horizon Solutions Corporation/Holmes

2

Hoyts Cinemas
HQ Global Workplaces
ICG Communications, Inc.
Intellicare America Inc.
Irving Oil Corporation
Kings Super Markets Inc.
Kinney Drugs
Landmark Medical Center
Leake & Watts
Maine Medical Center
Marjam Brooklyn
Merriam-Graves Corporation
Millennium Pharmaceuticals
Monro Muffler
Monroe College Master Bill
Mortgage Specialists/Plaistow
National City Mortgage
Navy Federal Credit Union
New York Public Library
New York State Association for Retarded Citizens
Oxford Health Plans Inc.
Orion Power GMS Network
Path Lab, Inc.
Payless Shoe Source
Paychex Inc
Petroleum Heat & Power
Provident Bank
Rockway Bedding Inc.
Safe Horizon #101
Saks Incorporated
Schreiber & Associates, PC
Sheetz Inc.
Shields MRI
Sonix Medical Resources
Trans World Entertainment
Turner Construction Company
U. S. Government VA Medical Center
United States Postal Service (USPS) 03103 Main PO Manchester
USPS #10-5001 Capital District
USPS #23-0378 District-Balto
USPS #24-0801 Boston District/GMF
USPS #24-4593/Middlesex Central
USPS #35-0060 Albany
USPS #35-1026G15 Buffalo
USPS #437143 Corporate Account
USPS #51-6543 N VA District
USPS #51-7653 Richmond District
USPS - Central New Jersey District
USPS - District Office - White Plains
USPS - Long Island District
USPS - New York City District
USPS - NNJD Con Summary
USPS - Philadelphia Main Office
USPS - Pittsburgh District
USPS - Southern New Jersey Con Summary

USPS - Springfield District
WMHS-Western MD Hlth System
Wal-Mart Stores Incorporated
Western Industries
William Raveis Inc/Internet
William Raveis Inc/Trap Local

## The Debtors' Largest Unsecured Creditors

358 Waltham Associates, LLC
Allied Office Supplies
Aptis
Arlington Home & Building, Inc.
Blue Cross and Blue Shield
Broadwing Communication Services
CCA Financial, Inc.
Cisco Systems, Inc.
Cisco Systems Capital Corporation
Comm-Tract Corporation
Communications Supply Corporation
Concorde Group, Ltd.
Constant Technologies, Inc.
Cyclone Microsystems, Inc.
De Lage Landen Financial Services, Inc.
Dell Financial Services
Electronic Environments Corporation
Executive Conference, Inc.
FiberTech Networks LLC
Genuity Solutions, Inc.
Georgeson Shareholder
Global Crossing
Grinnell Mechanical, Inc.
The Guardian
Heller EMX, Inc.
IBM Corporation
IFiber Optix, Inc.
Illuminet
Info Systems, Inc.
Information Leasing Corporation
Intermedia Communications
Internet Security Systems, Inc.
IOS Capital
Jet Aviation of America
Level-3 Communications
Marcap Corporation
McGarr Service Corporation
MCI International
MCI Worldcom, Inc.
MCI Worldcom Communications, Inc.
MFS Telecom, Inc.
NEON Optica, Inc.
Norstan Financial Services
Nstar Communications, Inc.
The Oakley County Club
Penn Telecom, Inc.
Pitney Bowes Credit Corporation (PBCC)

Presidential Bank, FSB
Primelink
RCC Atlantic Long Distance, Inc.
Regulus Integrated Solutions, LLC
Revolution Networks
SMS Systems Maintenance Services, Inc.
SNet Carrier Services
Somera Communications, Inc.
Spirent Communications, Inc.
Sprint
Stephco Cleaning Systems
Storability, Inc.
Summit Learning Systems, Inc.
Sungard Recovery Systems Incorporated
Swidler & Berlin
Switch and Data Facilities
Telecordia Technologies
TKO Finance
Trompeter Electronics, Inc.
Walker & Associates, Inc.

### Secured Creditors

ABB Business Finance (a division of ABB Structured
    Finance (Americas) Inc.)
CCA Financial, LLC
Cisco Systems Capital Corporation
Cobra Capital
Computer Sales International, Inc.
De Lage Landen Financial Services, Inc.
Dell Financial Services L.P.
EFTIA OSS Solutions
EMC Corporation
Fleet Business Credit Corporation
GATX Technology Services Corporation
Great American Leasing Company LLC
Heller EMX, Inc.
IBM Credit Corporation
Information Leasing Corporation
ING (U.S.) Capital LLC
IOS Capital
Lehman Commercial Paper, Inc.
Marcap Corporation
Mitel Capital Corporation
Norstan Financial Services, Inc.
Presidential Bank FSB
Relational Funding Corporation
RFC Capital Corporation
TKO Finance
Toronto Dominion (Texas), Inc.

### Major Real Property Lessors

1100 First Avenue Associates
160 South River Ralty

2150 Joshua's Path
220 Bear Hill Road
257 Harlow Street
358 Waltham Associates
360 Waltham Associates
777 State Street Extension
Berman, LlC
Braintree Executive park
Bridge Realty Trust
Cambex Corporation
Catamount/Brownell LLC
Cedar Hill Place
Copt Concourse, LLC
Downeast Realty
Hamden Realty Associates
Hickory Drive 335 Bear Hill
Hub Properties Trust
Judak Technologies, Inc.
Lend Lease Real Estate Investments, Inc.
M. Alfieri Co., Inc.
Mack-Cali Realty Associates Corp.
Merchant Founders
Mindel Associates
New Boston Venture
PWC Associates
Realty Associates Fund III
Reckson Operating Partnership LP
Robinson/Waltham Company
Rosewood Equity
Rouse Office Management
Sheridan Meadows
SHS Holding
STCC Assistance Corporation
Taconic Corporate Park
Telecom Realty LLC
Tower Square Realty
Village at Bear Hill
W9/LWS II

### Significant Capital Lease Lessors and/or Personal Property Lessors

ABB Business Finance (a division of ABB
    Structured Finance (Americas) Inc.)
CCA Financial, LLC
Cisco Systems Capital Corporation
Computer Sales International, Inc.
Dell Financial Services L.P.
EFTIA OSS Solutions
EMC Corporation
Fiber Technologies Networks, LLC
GATX Technology Services Corporation
IBM
IOS Capital
Metromedia Fiber Network Services, Inc.
Mitel Capital Corporation

4

NEES Communications, Inc.
NEON Optica, Inc.
Norstan Financial Services, Inc.
Nstar
Penn Telecom, Inc.
Relational Funding Corporation
Silicon Valley Bank Strategic Capital Services
Software Concepts
Switch and Data Facilities Company, LLC
TIBCO Software, Inc.
Williams Communications

**CTC COMMUNICATIONS GROUP, INC.**

**SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY
OR HAVE FORMERLY EMPLOYED JONES, DAY, REAVIS & POGUE
IN MATTERS UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES**

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| **CURRENT CLIENTS[1]** | | |
| Bain Capital, Inc.<br><br>• Bain Capital, Inc. is: (a) the former parent of client *Experian Information Solutions*; (b) a stockholder of client *Dade Behring, Inc.*; and (c) a joint owner of former client First Communications, Inc. (closed 2001). | Major Business Affiliations of the Debtors' Officers and Directors | • Corporate; intellectual property; labor and employment; litigation; real property; tax for *Experian Information Solutions*; and<br>• Restructuring/bankruptcy for *Dade Behring, Inc.*<br><br>*See also* entries below for Bain Capital Fund VI, L.P.; Domino's Pizza, Inc.; Mark E. Nunnelly; and Thomas H. Lee Co. |
| Bain Capital Fund VI, L.P.<br><br>*See* entry above for parent Bain Capital, Inc. | Parties Holding 5% Or More of the Debtors' Issued and Outstanding Voting Securities | |

---

[1]     The names of current clients of Jones, Day, Reavis & Pogue ("Jones Day") appear in bold and italics. The work description for current clients identifies only current matters; additional work in other areas may have been performed on matters that are no longer active. Additionally, the disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

        Entries designating "no open matters" for a client indicate that, although no work currently is being performed for the entity, such entity nonetheless remains identified as a current client in Jones Day's client database. As such, additional work may be performed on behalf of such client in the future.

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| Blue Cross and Blue Shield<br><br>• **Blue Cross Blue Shield MI** and **Capital Blue Cross** are clients;<br>• Blue Cross Blue Shield VA is affiliated with client **Sentara Helath System**;<br>• Blue Cross Blue Shield of Rhode Island and Blue Cross Blue Shield NH (both closed 2001); and Blue Cross and Blue Shield of Florida, Inc.; Blue Cross Blue Shield CT; and Empire Blue Cross Blue Shield (all closed 1998) are former clients;<br>• Highmark Blue Cross Blue Shield is the ultimate parent of the employer of former client Daniel Goldman, M.D. (closed 2001);<br>• Blue Cross Blue Shield of Rochester is a joint venture partner of former client Rochester Area HMO (closed 2001); and<br>• Blue Cross of Western Pennsylvania is the parent of a joint venture partner of former client HBO & Company (closed 1999). | Unsecured Creditor | • Antitrust for **Blue Cross Blue Shield MI**;<br>• Antitrust; corporate; litigation for **Capital Blue Cross**; and<br>• Corporate; health care; intellectual property; litigation; regulatory for **Sentara Health System**. |
| The Children's Place<br><br>• The Children's Place is affiliated with client **Saunders, Karp, Megrue & Co.** | Significant Customers | • Corporate; environmental; finance; intellectual property; labor and employment; lending; restructuring/bankruptcy; technology for **Saunders, Karp, Megrue & Co.** |
| Cisco Systems Capital Corporation<br><br>• Parent Cisco Systems, Inc. is an investor in client **Softbank Asia Infrastructure Fund**. | Debtors' Secured Lenders and/or Bank Creditors;<br><br>Strategic Partners and Parties to Significant Contracts with the Debtors;<br><br>Significant Customers; and<br><br>Major Lessors | • Finance for **Softbank Asia Infrastructure Fund**. |
| Cisco Systems, Inc.<br><br>*See* entry above for Cisco Systems Capital Corporation. | Major Business Affiliations of the Debtors' Officers and Directors | |

2

WP3:820535.1        61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| Communications Supply Corporation<br><br>• Parent UBS AG, formed by merger of former client Union Bank of Switzerland (closed 2000) and Swiss Bank Corporation, is: (a) the parent of clients *UBS Warburg LLC*; *UBS Trustees (Jersey) Ltd.*; *UBS Securities Ltd.*; *UBS Private Equity*; *UBS Warburg Australia Equities Ltd.*; and *Warburg Dillon Read LLC* (now known as *UBS Warburg*); and (b) the parent of a joint venturer with client *HCL Perot Systems GmbH*; and<br>• Former client Union Bank of Switzerland (closed 2000) is also a stockholder of former client Bank Julius Baer (closed 1997). | Unsecured Creditors | • Finance; intellectual property; litigation for *UBS Warburg, LLC*;<br>• No open matters for *UBS Trustees (Jersey) Ltd.*;<br>• Corporate; finance; tax for *UBS Securities Ltd.*;<br>• Corporate for *UBS Private Equity*;<br>• Corporate for *UBS Warburg Australia Equities Ltd.*;<br>• Corporate for *Warburg Dillon Read, LLC* (now known as *UBS Warburg*); and<br>• Technology for *HCL Perot Systems GmbH*. |
| *CompUSA*<br><br>• Parent Grupo Carso S.A. de C.V. is a stockholder of client *Telvista Company*. | Significant Customers | • Intellectual property; litigation for *CompUSA*; and<br>• Labor and employment for *Telvista Company*. |
| *Concentra Managed Care, Inc.* (formerly known as CRA Managed Care, Inc.)<br><br>• Parent Welsh, Carson, Anderson & Stowe VIII L.P. is also: (a) the parent of clients *Automatic Data Processing* and *Banctec, Inc.*; and (b) a stockholder of former clients Select Medical Corporation (closed 2000) and Amsco International, Inc. (closed 1997) | Significant Customers | • Health for *Concentra Managed Care, Inc.*<br>• Corporate; intellectual property; labor and employment; litigation for *Automatic Data Processing*; and<br>• Employee benefits; labor and employment; tax for *Banctec, Inc.* |
| *Credit Suisse First Boston*<br><br>• *Credit Suisse First Boston* (also known as CSFB and CS First Boston, Inc.) is: (a) a client; (b) a member of client *Official Financial Institutions' Committee of Kmart Corporation*; (c) a joint venturer with client *Metropolitan Life Insurance Company*; and (d) the ultimate client in a matter for former client Davis, Polk & Wardwell (closed 2002). | Debtors' Secured Lenders and/or Bank Creditors; and<br><br>Major Business Affiliations of the Debtors' Officers and Directors | • Corporate; finance; litigation for *Credit Suisse First Boston*;<br>• Restructuring/bankruptcy for *Official Financial Institutions' Committee of Kmart Corporation*; and<br>• Environmental; finance; lending; real property for *Metropolitan Life Insurance Company*.<br><br>*See also* entries below for Fleet Business Credit Corporation; *Fleet National Bank*; and *Lehman Brothers, Inc.* |
| Credit Suisse First Boston Equity Partners, L.P.<br><br>*See* entry above for *Credit Suisse First Boston*. | Major Business Affiliations of the Debtors' Officers and Directors | |

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| De Lage Landen International financial Services, Inc.<br><br>• Parent *Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A.* is: (a) a client; and (b) the parent of clients *De Lage Landen International B.V. Sucursal En Espana* and *Rabobank International*. | Secured and Unsecured Creditors | • Finance; lending for *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A.*;<br>• Corporate for *De Lage Landen International B.V. Sucursal en Espana*; and<br>• Corporate; finance for *Rabobank International*. |
| Domino's Pizza, Inc.<br><br>• Domino's Pizza, Inc. is a former client (closed 2001); and<br>• Parent Bain Capital, Inc. is: (a) the former parent of client *Experian Information Solutions*; (b) a stockholder of client *Dade Behring, Inc.*; and (c) a joint owner of former client First Communications, Inc. (closed 2001). | Parties Holding 5% Or More of the Debtors' Issued and Outstanding Voting Securities | • Corporate; intellectual property; labor and employment; litigation; real property; tax for *Experian Information Solutions*; and<br>• Restructuring/bankruptcy for *Dade Behring, Inc.*<br><br>*See also* entry above for Bain Capital Fund VI, L.P. and entry below for Mark E. Nunnelly. |
| Duke Energy Corporation<br><br>• Duke Energy Corporation is the parent of client *Texas Eastern Transmission, L.P.*; and<br>• Affiliate Duke Energy Trading and Marketing, LLC is a former client (closed 2001). | Significant Customers | • Tax for *Texas Eastern Transmission, L.P.* |
| *EMC Corporation*<br><br>• *EMC Corporation* is a client and the parent of former client Data General Corporation (closed 2001). | Major Lessors | • Tax for *EMC Corporation*. |
| *Entergy Corporation*<br><br>• *Entergy Corporation* is: (a) a client; (b) the parent of clients *Entergy-Koch, L.P.*; *Entergy Enterprises, Inc.*; *Entergy Services, Inc.*; and *Entergy Nuclear, Inc.*; and (c) a joint venture partner with client *Koch Industries, Inc.*; and<br>• Affiliated entity *Entergy Power Group* is a client. | Significant Customers | • Corporate; litigation; restructuring/bankruptcy for *Entergy Corporation*;<br>• Corporate; energy; restructuring/bankruptcy for *Entergy-Koch, L.P.*;<br>• Corporate; energy for *Entergy Enterprises, Inc.*;<br>• Corporate for *Entergy Services, Inc.*;<br>• Corporate; energy; finance for *Entergy Nuclear, Inc.*;<br>• Antitrust; lending; litigation; regulatory; tax for *Koch Industries, Inc.*; and<br>• Corporate; finance for *Entergy Power Group*. |

4

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| Fleet Business Credit Corporation<br><br>• Parent Fleet Boston Financial Corporation is: (a) a member of client *Official Financial Institutions' Committee of Kmart Corporation*; (b) the parent of clients *Fleet National Bank* and *Fleet Bank, Inc.*; and (c) the parent of former client BancBoston Capital, Inc. (closed 2002);and<br>• Affiliate Fleet Boston Corporation is the parent of former client BancBoston Capital Ltd.(closed 2002). | Secured Creditors | • Restructuring/bankruptcy for *Official Financial Institutions' Committee of Kmart Corporation*;<br>• Litigation for *Fleet National Bank*; and<br>• Finance for *Fleet Bank, Inc.*<br><br>*See also* entry above for *Credit Suisse First Boston*; and entry below for *Fleet National Bank*. |
| *Fleet National Bank*<br><br>*See* entry above for Fleet Business Credit Corporation. | Major Business Affiliations of the Debtors' Officers and Directors | • Litigation for *Fleet National Bank*.<br><br>*See also* entries above for *Credit Suisse First Boston* and Fleet Business Credit Corporation. |
| ING (U.S.) Capital LLC<br><br>• Parent ING Groep, N.V. is: (a) the parent of clients *ING Barings*; *ING Lease (UK) Limited*; *ING Baring (US) Securitie*; *Banque Bruxelles Lambert S.A.*; *Baring Private Equity Partners (Singapore) Pte. Ltd.*; and *Pilgrim High Yield Fund II*; (b) the parent of a stockholder of client *Oil Insurance Limited*; (c) the ultimate parent of former client Baring Asset Management Holdings Limited (closed 2001); and (d) the parent of the employer of client *R. Glenn Hilliard*;<br>• Affiliate *ING Barings* is affiliated with *Netstar International Holdings (BVI) Ltd.*;<br>• Affiliate ING Barings US Capital Corporation is a member of former client Bondholders of Stratosphere Corporation (closed 1999); and<br>• Affiliate ING Bank is a former client (closed 1997). | Debtors' Secured Lenders and/or Bank Creditors | • Antitrust; corporate for *ING Barings*;<br>• Employment for *ING Lease (UK) Limited*;<br>• Corporate; litigation for *ING Baring (US) Securitie*;<br>• Lending; tax for *Banque Bruxelles Lambert S.A.*;<br>• Corporate for *Baring Private Equity Partners (Singapore) Pte. Ltd.*;<br>• Litigation for *Pilgrim High Yield Fund II*;<br>• Finance; tax for *Oil Insurance Limited*;<br>• Employee benefits for *R. Glenn Hilliard*; and<br>• Corporate for *Netstar International Holdings (BVI) Ltd.* |

WP3:820535.1

61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| Intermedia Communications, Inc.<br><br>• Intermedia Communications, Inc. is a joint venturer with client **Williams Communications Group, Inc.**;<br>• Parent Worldcom, Inc. is: (a) a former client (closed 1997); (b) the ultimate parent of clients **MCI Worldcom, S.A.**; and **MCI Worldcom Network Services, Inc.**; (c) the parent of client **Worldcom International Ltd.**; and (d) a co-client with client **BT Worldwide Ltd.**;<br>• Affiliate N.V. Worldcom S.A. is a member of client **Platform**; and<br>• Affiliate **MCI Worldcom, Inc.** is: (a) the direct parent of clients **MCI Worldcom, S.A.** and **MCI Worldcom Network Services, Inc.**; and (b) the parent of former client Compuserve Network Services, Inc., now known as Worldcom Advanced Networks, Inc. (closed 1999). | Unsecured Creditors | • Litigation; restructuring/bankruptcy for **Williams Communications Group, Inc.**;<br>• Antitrust; intellectual property; regulatory for **MCI Worldcom, S.A.**;<br>• Tax for **MCI Worldcom Network Services, Inc.**;<br>• Corporate; regulatory for **Worldcom International, Ltd.**;<br>• Antitrust for **BT Worldwide Ltd.**; and<br>• Antitrust; regulatory for **Platform**.<br><br>*See also* entry below for MCI Communications, Inc. |
| INVESCO Funds Group, Inc.<br><br>• Parent Amvescap PLC (formerly known as Invesco PLC) is also: (a) the parent of client **A I M Advisors, Inc.**; and (b) the ultimate client in a matter for former client Ashurst Morris Crisp (closed 2000);<br>• Affiliate **American Invesco Corporation** is a client; and<br>• Affiliate Invesco Realty Advisors is a former client (closed 2002). | Parties Holding 5% Or More of the Debtors' Issued and Outstanding Voting Securities | • Tax for **A I M Advisors, Inc.**; and<br>• Real property for **American Invesco Corporation**. |
| IOS Capital<br><br>• Parent **Ikon Office Solutions, Inc.** is a client. | Major Lessor | • Tax for **Ikon Office Solutions, Inc.** |
| Kings Supermarkets, Inc.<br><br>• Parent **Marks & Spencer PLC** is a client. | Significant Customers | • Real property for **Marks & Spencer PLC**. |

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| *Lehman Brothers, Inc.*<br><br>• *Lehman Brothers, Inc.* is: (a) a client; (b) a co-client in a matter for client *Credit Suisse First Boston*; and (c) a member of former client Phar-Mor, Inc. Bank Group (closed 1998); and<br>• Former parent *American Express Company* is: (a) a client; (b) the parent of clients *American Express Bank* and *IDS Financial Serivces*; (c) the parent of a member of former client Phar-Mor, Inc. Bank Group (closed 1998); and (c) the former parent of former client First Data Corporation (closed 1997). | Debtors' Secured Lenders and/or Bank Creditors | • Corporate; finance; litigation; tax for *Lehman Brothers, Inc.*;<br>• Corporate; finance; litigation for *Credit Suisse First Boston*;<br>• Labor and employment; litigation for *American Express Company*;<br>• Corporate for *American Express Bank*; and<br>• No open matters for *IDS Financial Services*.<br><br>*See also* entry above for *Credit Suisse First Boston*. |
| Lehman Commercial Paper, Inc.<br><br>*See* entry above for *Lehman Brothers, Inc.* | Debtors' Secured Lenders and/or Bank Creditors; and Secured Creditors | |
| *Lend Lease Real Estate Investments, Inc.* | Major Real Property Lessors | • Lending; real property for *Lend Lease Real Estate Investments, Inc.* |
| *Level-3 Communications, Inc.*<br><br>• *Level-3 Communications, Inc.* is: (a) a client; (b) the ultimate parent of former client PKS Information Services, Inc. (closed 2001); and (c) the ultimate client in a matter for former client Fraser, Stryker, Vaughn, Meusy, Olson, Boyer & Bloch P.C. (closed 2001). | Strategic Partner and Parties to Significant Contracts with the Debtors | • Antitrust; corporate; litigation; real property; regulatory; restructuring/bankruptcy for *Level-3 Communications, Inc.* |
| *Mack-Cali Realty Corporation* | Major Real Property Lessors | • Corporate; real property |
| Marcap Corporation<br><br>• Parent Marmon Holdings, Inc. Delaware is: (a) also the parent of clients *Anderson Copper and Brass Company*; *Atlas Bolt & Screw (Shenzhen) Co., Ltc.*; and *Am-Safe (Shenzhen) Limited*; (b) the ultimate parent of clients *Getty Connections Ltd.*; *Robertson, Inc.*; and *Long-Airdox Asia, Inc.*; and (c) the ultimate parent of former client Getz Medical Limited (closed 2002). | Secured and Unsecured Creditors | • Corporate for *Anderson Copper and Brass Company*;<br>• Real property for *Atlas Bolt & Screw (Shenzhen) Co., Ltd.*;<br>• Corporate for *Am-Safe (Shenzhen) Limited*;<br>• Corporate for *Getty Connections, Ltd.*;<br>• Corporate for *Robertson, Inc.*; and<br>• Corporate for *Long-Airdox Asia, Inc.* |
| *Mayer, Brown, Rowe & Maw* (formerly known as *Mayer, Brown & Platt*) | Professional | • Corporate for *Mayer, Brown, Rowe & Maw* (formerly known as *Mayer, Brown & Platt*. |

WP3:820535.1

61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| MCI Worldcom Communications, Inc.; MCI International; MCI Worldcom, Inc. <br><br> • MCI Communications, Inc., a former client (closed 2000), merged with MFS Communications, Inc. to form MCI Worldcom, Inc., the parent of clients *MCI Worldcom, S.A.* and *MCI Worldcom Network Services, Inc.*; and former client Compuserve Network Services, Inc., now known as Worldcom Advanced Networks, Inc. (closed 1999); <br> • Ultimate parent Worldcom, Inc. is: (a) a former client (closed 1997); (b) the parent of client *Worldcom International Ltd.*; and (c) a co-client with client *BT Worldwide Ltd.*; and <br> • Affiliate N.V. Worldcom S.A. is a member of client *Platform*. | Unsecured Creditors | • Antitrust; intellectual property; regulatory for *MCI Worldcom, S.A.*; <br> • Tax for **MCI Worldcom Network Services, Inc.**; <br> • Corporate; regulatory for *Worldcom International, Ltd.*; <br> • Antitrust for *BT Worldwide Ltd.*; and <br> • Antitrust; regulatory for *Platform*. <br><br> *See also* entry above for Intermedia Communications, Inc. |
| Mitel Capital Corporation <br><br> • Potentially related *Mitel Corporation* is a client. | Secured Creditors; Major Lessors | • Intellectual property for *Mitel Corporation*. |
| Mark E. Nunnelly <br><br> • Mark E. Nunnelly is also a director of client *Dade Behring, Inc.* | Officers and Directors of the Debtors | • Restructuring/bankruptcy for *Dade Behring, Inc.* <br><br> *See also* entries above for Bain Capital Fund VI, L.P. and Domino's Pizza, Inc. |
| Pitney Bowes Credit Corporation <br><br> • Parent *Pitney Bowes, Inc.* is: (a) a client; and (b) the parent of client *Pitney Bowes Deutschland GmbH*. | Unsecured Creditors | • Intellectual property; litigation for *Pitney Bowes, Inc.*; and <br> • Corporate; employment for *Pitney Bowes Deutschland GmbH*. |
| Reckson Operating Partnership, L.P. <br><br> • Reckson Associates is a former client (closed 1997); and <br> • Parent *Reckson Associates Realty Corporation* is a client. | Major Real Property Lessors | • Real property for *Reckson Associates Realty Corporation*. |
| RFC Capital Corporation <br><br> • Parent *Textron, Inc.* is a client. | Debtors' Secured Lenders and/or Bank Creditors; and Secured Creditors | • Corporate; labor and employment; litigation; regulatory; restructuring/bankruptcy; tax for *Textron, Inc.* |
| *Saks Incorporated* (formerly known as Saks & Company, Inc.) <br><br> • *Saks Incorporated* is: (a) a client; and (b) the parent of client *SFA Folio Collections, Inc.* | Significant Customers | • Labor and employment; tax for *Saks Incorporated*; and <br> • Tax for *SFA Folio Collections, Inc.* |
| *Sheetz, Inc.* | Significant Customers | • Litigation for *Sheetz, Inc.* |

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| SNet Carrier Services<br><br>• Parent SBC Communications, Inc., formerly known as Southwestern Bell Corporation, is also the parent of clients **SBC Ameritech** and **Sterling Commerce, Inc.**; and<br>• Affiliated entity Southwestern Bell Telephone is a former client (closed 1998). | Debtors' Significant Trade Creditors; and<br>Unsecured Creditors | • Energy for **SBC Ameritech**; and<br>• Employee benefits; intellectual property; labor and employment; litigation for **Sterling Commerce, Inc.** |
| Sprint<br><br>• **Sprint Communications Company** is a client;<br>• Parent Sprint Corporation is also: (a) the parent of clients **UCOM, Inc.** and **United Telephone Company of Ohio, Inc.**; (b) the parent of former clients US Telecom, Inc. and Sprint International (both closed 2001); and<br>• Affiliate Sprint Spectrum L.P. is a former client (closed 2001); and<br>• Affiliate Sprint Printing & Business Services of New York is a client in a matter for former client White Bay Enterprise, et al (closed 2001). | Strategic Partners and Parties to Significant Contracts with the Debtors | • Antitrust; regulatory; for **Sprint Communications Company**;<br>• Tax for **UCOM, Inc.**; and<br>• Tax for **United Telephone Company of Ohio, Inc.** |
| Sungard Recovery Systems Incorporated<br><br>• Parent **Sungard Data Systems, Inc.** is a client. | Unsecured Creditors | • Antitrust; corporate; finance; intellectual property; real property; technology for **Sungard Data Systems, Inc.** |
| Telecordia Technologies<br><br>• Parent **Science Applications International Corporation (SAIC)** is a client. | Unsecured Creditors | • Corporate; labor and employment for **Science Applications International Corporation (SAIC)**. |
| Thomas H. Lee Co.<br><br>• Thomas H. Lee Co. is a former stockholder of client **Experian Information Solutions**. | Major Business Affiliations of the Debtors' Officers and Directors | • Corporate; intellectual property; labor and employment; litigation; real property; tax for **Experian Information Solutions**.<br><br>See also entry above for Bain Capital Fund VI, L.P. |
| Turner Construction Company<br><br>• Parent **Hochtief AG** is a client. | Significant Customers | • Corporate for **Hochtief AG**. |
| UUNET<br><br>• Parent Worldcom, Inc. is: (a) a former client (closed 1997); (b) the parent of client **Worldcom International Ltd.**; and (c) a co-client with client **BT Worldwide Ltd.** | Strategic Partners and Parties to Significant Contracts with the Debtors | • Corporate for **Worldcom International Ltd.**; and<br>• Antitrust for **BT Worldwide Ltd.**<br><br>See also entry below for Worldcom, Inc. |

WP3:820535.1

61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| *Verizon*; <br> Verizon DF UNE <br><br> • *Verizon Wireless, Inc.* was formed by merger of Vodafone AirTouch Plc and former client Bell Atlantic Corporation (closed 2000); and was also formerly known as Vodafone Airtouch Plc; <br> • *Verizon Communications, Inc.* (formed by merger of former client Bell Atlantic Corporation (closed 2000) and former client GTE Corporation (closed 1998)) is: (a) a stockholder of former client Chesapeake Directory Sale (closed 1999); and (b) the parent of former client Bell Atlantic NYNEX Mobile (closed 2000); <br> • Affiliated entities *GTE Wireless* and *United Telephone Company of Ohio, Inc.* are clients; <br> • Former client and parent company GTE Corporation is also the employer of former client Kent B. Foster (closed 2001); <br> • Former client and parent company Bell Atlantic Corporation is also a stockholder of former client Chesapeake Directory Sale (closed 1999); <br> • Affiliated entities Airtouch Satellite Services, Inc.; Vodastar Cellular Limited; and Vodafone Satellite Services Limited are limited partners of client *Globalstar L.P.*; <br> • Affiliated entity Airtouch Communications is: (a) a joint venture partner with former client Mannesmann Corporation (closed 2002); and (b) potentially related to former client Walsin Lihwa Corporation (closed 2001); and <br> • Affiliated entities Airtouch Belgium S.A. (closed 2000) and Bell Atlantic International (closed 2001) are former clients. | Strategic Partners and Parties to Significant Contracts with the Debtors; <br><br> Significant Trade Creditors; and <br><br> Unsecured Creditors | • Labor and employment; litigation; for *Verizon Wireless, Inc.*; <br> • Intellectual property; labor and employment; litigation; regulatory; for *Verizon Communications, Inc.*; <br> • No open matters for *GTE Wireless*; <br> • Tax for *United Telephone Company of Ohio*; and <br> • Restructuring/bankruptcy for *Globalstar L.P.* |

WP3:820535.1

61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| **Wal-Mart Stores Incorporated**<br><br>• **Wal-Mart Stores Incorporated** is: (a) a client; (b) affiliated with a limited partner of client **Llama Company**; (c) has a relationship with client **Adachi, Henderson, Miyatake & Fujita**; and (d) is a joint venturer with client **Pillowtex Corporation**. | Significant Customers | • Litigation for **Wal-Mart Stores Incorporated**;<br>• Intellectual property for **Llama Company**;<br>• Corporate; tax for **Adachi, Henderson, Miyatake & Fujita**; and<br>• Corporate; intellectual property; labor and employment; restructuring/bankruptcy; tax for **Pillowtex Corporation**. |
| **Williams Communications LLC**<br><br>• Parent **Williams Communications Group, Inc.** is a client;<br>• Former parent **Williams Companies, Inc.** is a client; and<br>• Williams Communications Solutions LLC is a tradestyle for client **Nextira, LLC**. | Strategic Partners and Parties to Significant Contracts with the Debtors; and<br><br>Major Lessors | • Corporate; intellectual property; litigation; real property for **Williams Communications LLC**;<br>• Finance; litigation; restructuring/bankruptcy for **Williams Communications Group, Inc.**; Antitrust; corporate; energy; finance; litigation; restructuring/bankruptcy; tax; for **Williams Companies, Inc.**; and<br>• Litigation for **Nextira, LLC**. |
| Worldcom, Inc.<br><br>• Worldcom, Inc. is: (a) a former client (closed 1997); (b) the parent of client **Worldcom International Ltd.**; and (c) a co-client with client **BT Worldwide Ltd.**<br>• Affiliated entities **MCI Worldcom, S.A.**, (formed by merger between former clients MFS Communications SA and MCI Communications Corporation (both closed 2000) and **MCI Worldcom Network Services, Inc.** are clients;<br>• **MCI Worldcom S.A.** is also the parent of former client Compuserve Network Services, Inc. (closed 1999);<br>• Former affiliate MCI Communications Corporation is also: (a) the employer of former client Robert Bert (closed 2001); and (b) a shareholder of former clients Concert, Inc. (closed 2001) and FNA SC/CV (closed 2002);<br>• Affiliate N.V. WorldCom S.A. is a member of client **Platform**;<br>• Affiliate MCI Telecommunications is a former client (closed 2000). | Strategic Partners and Parties to Significant Contracts with the Debtors | • Corporate for **Worldcom International Ltd.**;<br>• Antitrust for **BT Worldwide Ltd.**;<br>• Antitrust; intellectual property; regulatory for **MCI Worldcom S.A.**;<br>• Tax for **MCI Worldcom Network Services, Inc.**; and<br>• Antitrust; regulatory for **Platform**.<br><br>*See also* entry above for UUNET. |

11

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| **Wyndham International, Inc.** (formerly known as Patriot American Hospitality)<br><br>• Former parent company Wyndham Hotel Company Ltd. is: (a) a former client (closed 2001); and (b) a joint venture partner with client **Hampstead Group, Inc.** and (c) potentially related as a joint venture partner with client **Morgan Stanley RE Fund II**<br>• Former affiliate Patriot American Management is a former client (closed 2001). | Major Business Affiliations of the Debtors' Officers and Directors | • Real property for **Wyndham International, Inc.**;<br>• Corporate; finance for **Hampstead Group, Inc.**; and<br>• Real property for **Morgan Stanley RE Fund II**. |
| **FORMER CLIENTS** | | |
| Electronic Environments Corporation<br><br>• Electronic Environments Corporation is a potentially related joint venture partner with former client Trammell Crow Corporate Services, Inc. (closed 1998). | Unsecured Creditors | |
| First International Bank CT<br><br>• Parent United Parcel Service is: (a) a former client (closed 2000); (b) a member of former client Cordiem, LLC (closed 2002); (c) the parent of former client Overseas Partners Capital Corporation (closed 1999); and (d) a party to a joint venture with former client China Postal Airlines (closed 2001). | Significant Customers | |
| Fisher Scientific International, Inc. is a former client (closed 1998). | Major Business Affiliations of the Debtors' Officers and Directors | |
| GATX Technology Services Corporation<br><br>• Parent GATX Corporation is a joint venture partner with former client Nationsbank Corporation (closed 1999); and<br>• Affiliate GATX Terminals Corporation is a former client (closed 2002). | Major Lessors | |
| GNC, Inc.<br><br>• GNC, Inc., also known as General Nutrition Company, is a former client (closed 2001). | Significant Customers | |

WP3:820535.1

61500.1001

| NAMES OF JONES DAY CLIENTS/AFFILIATES | RELATIONSHIP TO THE DEBTORS | NATURE OF WORK PERFORMED BY JONES DAY FOR CURRENT CLIENTS |
|---|---|---|
| HealthSouth Corporation (formerly known as HealthSouth Rehabilitation and AmCare, Inc.)<br><br>• HealthSouth Corporation is: (a) a former client (closed 1997); and (b) an investor in former client ReLife, Inc. (closed 2002). | Significant Customers | |
| Payless Shoesource, Inc.<br><br>• Payless Shoesource, Inc. is: (a) a former client (closed 2001); and (b) a former subsidiary of former client May Department Stores Company (closed 1999). | Significant Customers | |
| PWC Associates<br><br>• Potentially related entity PWC Deutsche Revision AG is a former client (closed 2002). | Major Real Property Lessors | |
| Rouse Office Management<br><br>• Parent The Rouse Company is the parent of former client Howard Hughes Corporation (closed 1999). | Major Real Property Lessors | |
| Swidler Berlin Shereff Friedman LLP is a former client (closed 2001). | Professional | |
| TIBCO Software, Inc.<br><br>• Parent Reuters Group PLC (formerly known as Reuters Holding PLC) is also the parent of former client Reuters Limited (closed 2001). | Major Lessors | |
| Trompeter Electronics, Inc.<br><br>• Parent Sterling Holding Company is: (a) the parent of former client Sterling Builders, Inc. (closed 2001); and (b) a stockholder of former client Intersil Holding Corporation (closed 2002). | Unsecured Creditors | |
| William Raveis, Inc.<br><br>• Parent William Raveis Real Estate, Inc. is a former client (closed 2001). | Significant Customers | |

WP3:820535.1

61500.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873(PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP.,) | | |
| Debtors | ) | **Docket Ref. No._____** |

### ORDER AUTHORIZING THE DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY AND RETAIN JONES, DAY, REAVIS & POGUE AS SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. § 327(e)

Upon the application (the "Application") of the above-captioned debtors and

debtors-in-possession (the "Debtors"), for an Order, pursuant to § 327(e) of the Bankruptcy

Code[1] authorizing the Debtors to employ and retain Jones, Day, Reavis & Pogue ("Jones Day")

as special corporate counsel; and upon the Affidavit of Erica M. Ryland, a member of Jones Day

(the "Affidavit"); and due and proper notice of this Application having been given; and it

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

it appearing that, except as set forth in its Application and in the Affidavit, Jones Day neither

holds nor represents any interest adverse to the Debtors' estates with respect to the matters on

which it is to be employed; and it appearing that that the relief requested in the Application is in

the best interests of the Debtors' estates and its creditors; and on the record herein; and after due

deliberation; and good and significant cause having been shown therefore, it is hereby

ORDERED, that the relief requested in the Application be, and hereby is, granted;

and it is further

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Supplement.

ORDERED, that the retention and employment of Jones Day as special corporate counsel to the Debtors as of the date of the filing of these chapter 11 cases on the terms set forth in the Application and Affidavit be, and hereby is, approved; and it is further

ORDERED, that Jones Day shall be compensated upon appropriate application in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED, that Jones Day is authorized to apply the Retainer received from the Debtors prior to the Petition Date to fees, charges and disbursements that remain unpaid as of such date and shall hold the remaining portion of the Retainer to apply to fees, charges and disbursements relating to services rendered to the Debtors subsequent to the Petition Date as may be further ordered by the Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware

_____, 2002

_____
Peter J. Walsh
Chief United States Bankruptcy Judge