IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873 (PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP., | ) | |
| | ) | Hearing Date: 11/5/02 at 9:30 a.m. (ET) |
| Debtors | ) | Objection Deadline: 10/28/02 at 4:00 p.m.(ET) |

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GOLDBERG, GODLES, WIENER & WRIGHT AS SPECIAL REGULATORY COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors"), request by this application (this "Application"), filed pursuant to section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), entry of an order authorizing the Debtors to retain and employ the law firm of Goldberg, Godles, Wiener & Wright ("G2W2") on a general retainer, as attorneys to the Debtors in these chapter 11 cases, effective as of the Petition Date (as defined below). In support thereof, the Debtors rely upon the Affidavit of Henry Goldberg, annexed hereto, which is incorporated herein by reference, and respectfully represent and state as follows:

### Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2. On October 3, 2002 (the "Petition Date"), CTC Communications Group, Inc. and CTC Communications Corp. filed petitions for relief under chapter 11 of the Bankruptcy Code and, on October 4, 2002, this Court approved a motion seeking joint administration of their cases. On October 9, 2002, CTC Virginia and CTC Leasing also filed petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have filed a motion for joint administration of all of their cases. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing in the management and possession of their properties as debtors in possession.

3. No trustee or examiner has been appointed in these chapter 11 cases. On October 15, 2002, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an official committee of unsecured creditors (the "Committee") to serve in these cases.

4. The Debtors are an integrated communications carrier offering voice and data services predominantly to medium- and large-sized business customers in the Northeast and Mid-Atlantic states. The Debtors primarily derive revenue from: (i) reselling telecommunications services of other large telecommunications companies to Debtor's customers and (ii) selling voice, data and internet services on their own networks to customers. The Debtors currently have approximately 300 employees, including sales and service employees in 14 branch offices servicing markets in Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New Jersey, New York, Pennsylvania, Maryland and Washington, D.C.

5. Prior to January 1998, the Debtors were the largest independent sales agent for NYNEX Corp. and then Bell Atlantic (now Verizon), based on agency revenues measurements. At the end of 1997, before withdrawing from the Verizon agency program, the

Debtors were managing relationships for approximately 7,000 customers, representing over 280,000 local access lines and over $200 million in annual local telecommunications spending.

6.  In 1998, the Debtors commenced the build-out of their own state-of-the-art Internet Protocol ("IP") network (the "PowerPath® Network") to offer integrated data, Internet, local and long distance telephone services in a footprint covering the Northeast and Mid-Atlantic states. The network was first ready for commercial service in 1999 and has been expanded significantly in the ensuing years.

7.  The Debtors' long-term business model has been predicated on transitioning from a telecommunications reseller to a value added integrated telecommunications provider on their proprietary network, styled the PowerPath® Network. Following withdrawal from the Verizon agency program, the Debtors experienced rapid growth, first as a re-seller and later as they transitioned their business model from reseller to that of facilities based telecommunications provider.

8.  Prior to the commencement of these cases, a series of equipment and network delivery delays from vendors, combined with various technical and network implementation issues, hampered the Debtors' ability to fully implement their long-term business plan. Expected cost efficiencies from being facilities-based have not yet materialized. The Debtors have been taking positive actions toward a comprehensive financial restructuring and deleveraging of their balance sheets since the summer of 2002.

### Description of the Professional

9.  G2W2 has extensive experience representing entities with interests in telecommunications and information technology. G2W2's attorneys and paraprofessionals have substantial knowledge in the areas of law practice most relevant to telecommunications, including the filing of applications and petitions at the Federal Communications Commission

(the "FCC"); participation in FCC hearing and rulemaking proceedings; advice regarding telecommunications business ventures; the negotiation of complex transactions; copyright matters; the legal and business aspects of the production, licensing, and distribution of programs for television and related media; international trade in communications goods and services; appellate advocacy; and representation of clients' interests before the Congress and Executive Branch agencies.

10. Among G2W2's clients are U.S. and international satellite companies and owners of satellite capacity and earth stations, mobile communications companies, telecommunications carriers, providers of enhanced data services, commercial and public broadcasters, utilities, teleports, major universities, cable television programming networks, computer manufacturers, software companies, and banks and other financial institutions.

**Relief Requested**

11. By this Application, the Debtors seek authority to retain and employ G2W2 as the special regulatory counsel ("Special Regulatory Counsel") in these chapter 11 cases, pursuant to section 327(e) of the Bankruptcy Code, effective as of the Petition Date. Accordingly, the Debtors respectfully request the entry of an order pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing them to employ and retain G2W2 as their attorneys under a general retainer to perform the Special Regulatory Counsel legal services that will be necessary during these chapter 11 cases.

12. G2W2 will coordinate with other professionals retained or engaged by the Debtors to reduce or eliminate any duplication of efforts. The professional services that G2W2 will render to the Debtors include, but shall not be limited to, the following:

(a) Advice concerning federal and state regulatory requirements

(b) Filings with the Federal Communications Commission

(c) Filings with State Public Utility Commissions

(d) Other regulatory matters

13. Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to G2W2 on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

(a) Henry Goldberg          $ 425 per hour (Attorney)
(b) Joseph A. Godles        $ 330 per hour (Attorney)
(c) Jonathan L. Wiener      $ 340 per hour (Attorney)
(d) Brita D. Strandberg     $ 205 per hour (Attorney)
(e) Julie S. Read           $ 110 per hour (Paralegal)
(f) Ryan N. Terry           $ 150 per hour (Paralegal)

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

14. The hourly rates set forth above are G2W2's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate G2W2 for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is G2W2 policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. G2W2 will charge the Debtors for these

5

expenses in a manner and at rates consistent with charges made generally to G2W2's other clients. G2W2 believes that is fair to charge these expenses to the clients incurring them rather than to increase its hourly rates and spread the expenses among all clients.

15. To the best of the Debtors' knowledge, as disclosed herein and in the annexed affidavit of Henry Goldberg, Esq. (the "Goldberg Affidavit"), G2W2 has not represented the Debtors' creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. G2W2, however, may have represented or may currently represent certain creditors of the estates in connection with matters unrelated to these chapter 11 cases. G2W2 is conducting a continuing inquiry into any matters that would affect the firm's disinterested status. In the event additional disclosure is necessary, G2W2 shall file a supplemental affidavit setting forth any facts and circumstances relevant thereto.

16. The Debtors desire to retain G2W2 under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of the Debtors' knowledge and except as otherwise disclosed in the Goldberg Affidavit, G2W2 does not hold or represent any interest adverse to the Debtors' estates, and G2W2 is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code. G2W2's employment is necessary and in the best interests of the Debtors and their estates.

17. G2W2 has received a $100,000 retainer in connection with their proposed post-petition representations of the Debtors. This constitutes a general retainer as security for postpetition services and expenses.

18. Excluding the retainer paid, G2W2 has not received any payments from the Debtors during the one year period immediately preceding the Petition Date.

6
WP3:816516.3                                                                                            61500.1001

## Notice

19.     The Debtors have provided notice of this Application to the Office of the United States Trustee, the Debtors' prepetition secured lenders, the Committee and those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, given the nature of the relief requested and the absence of any adverse impact on any party in interest, no other or further notice need be given.

WP3:816516.3                                                                                                                      61500.1001

WHEREFORE, the Debtors request that this Court enter an order authorizing the employment and retention of G2W2 as special regulatory counsel for the Debtors and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 18, 2002

Respectfully Submitted,

CTC COMMUNICATIONS GROUP, INC.,
CTC COMMUNICATIONS CORP.,
CTC COMMUNICATIONS OF VIRGINIA, INC., AND
CTC COMMUNICATIONS LEASING CORP.

By: _____
John D. Pittenger
Chief Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873 (PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP., | ) | |
| | ) | |
| Debtors | ) | |

**AFFIDAVIT OF HENRY GOLDBERG IN SUPPORT OF
APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327(a)
AUTHORIZING EMPLOYMENT AND RETENTION
OF GOLDBERG, GODLES, WIENER & WRIGHT
AS SPECIAL REGULATORY COUNSEL FOR DEBTORS-IN-POSSESSION**

Henry Goldberg, being duly sworn, deposes and says:

1. I am a partner in the firm of Goldberg, Godles, Wiener & Wright ("G2W2" or the "Firm"), 1229 Nineteenth Street, N.W., Washington, D.C. 20036, and have been duly admitted to practice in the State of New York and in the District of Columbia. This Affidavit is submitted in support of the Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Goldberg, Godles, Wiener & Wright as Regulatory Counsel for the Debtors in Possession (the "Application").

2. Neither I, the Firm, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors, or any other parties in interest herein, except as stated below.

    (a) G2W2 has, in the past, served as counsel to Optel, Inc. While G2W2 served as counsel to Optel, Michael Katzenstein was its general counsel and, subsequently, its interim Chief Executive Officer. This representation concerned matters wholly unrelated to the Debtors and these chapter 11 proceedings.

(b) G2W2 has analyzed the Debtors' lists of largest secured and unsecured creditors for purposes of identifying and disclosing connections with these entities. G2W2's investigation into the full creditor body in these cases is ongoing, and G2W2 will supplement this Affidavit, if necessary, as further information is obtained.

3. G2W2 is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its partners, counsel and associates:

(a) Are not creditors, equity security holders or insiders of the Debtors;

(b) Are not and were not investment bankers for any outstanding security of the Debtors;

(c) Have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

(d) Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

4. G2W2 received a retainer of $100,000 for its post-petition services and expenses to be rendered or incurred for or on behalf of the Debtors. By agreement of the Debtors, the retainer will be held by G2W2 as security for payment of post-petition services and expenses.

5. Excluding the retainer paid, G2W2 has not received any payments from the Debtors during the one year period immediately preceding the Petition Date.

WP3:816516.3　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　61500.1001

6. This Firm and certain of its partners, counsel and associates may have in the past represented, may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. None of those past or current representations are material. The Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the Debtors have been prepared and will make any further disclosures as may be appropriate at that time. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegal designated to represent the Debtors and their current standard hourly rates are:

| | | | |
|---|---|---|---|
| (a) | Henry Goldberg | $ 425 | per hour (Attorney) |
| (b) | Joseph A. Godles | $ 330 | per hour (Attorney) |
| (c) | Jonathan L. Wiener | $ 340 | per hour (Attorney) |
| (d) | Brita D. Strandberg | $ 205 | per hour (Attorney) |
| (e) | Julie S. Read | $ 110 | per hour (Paralegal) |
| (f) | Ryan N. Terry | $ 150 | per hour (Paralegal) |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

7. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

3

connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

8. No promises have been received by the Firm nor by any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

4
WP3:816516.3                                61500.1001

WHEREFORE, affiant respectfully prays for the entry of the annexed Order and for such other and further relief as may be just and proper.

_____
Henry Goldberg

Sworn to before me this _18_ day of October, 2002.

_____
Notary Public
My Commission Expires: _FEBRUARY 14, 2007_

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873 (PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP.,| ) | |
| | ) | |
| Debtors | ) | |

## STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE

1. Goldberg, Godles, Wiener & Wright ("G2W2"), pursuant to Federal Rule of Bankruptcy Procedure 2016 (the "Bankruptcy Rules") and section 329 of chapter 11, title 11, United States Code (the "Bankruptcy Code"), states that the undersigned is counsel for the Debtors in these cases.

2. Compensation agreed to be paid by the Debtors to G2W2 is to be for legal services rendered in connection with these cases. The Debtors have agreed to pay G2W2 for the legal services rendered or to be rendered by its various attorneys and paralegals in connection with these cases on the Debtors' behalf. The Debtors have also agreed to reimburse G2W2 for its actual and necessary expenses incurred in connection with these cases.

3. Prior to filing this statement, the Debtors paid G2W2 a retainer of $100,000. This constitutes a general retainer as security for postpetition services and expenses.

4. Excluding the retainer paid, G2W2 has not received any payments from the Debtors during the one year period immediately preceding the Petition Date.

5. G2W2 will seek approval of payment of compensation upon G2W2's filing of appropriate applications for allowance of interim or final compensation pursuant to

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, this Court's Local Rules and Orders of this Court.

6. The entire filing fee in these cases has been paid.

7. The services to be rendered include all those services set forth in the Application for Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of G2W2 as Special Regulatory Counsel for the Debtors.

8. G2W2 further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of G2W2, or (b) any compensation another person or party has received or may receive.

Dated: Washington, D.C.
October 18, 2002

GOLDBERG, GODLESS WIENER & WRIGHT

Henry Goldberg
1229 Nineteenth Street, N.W.
Washington, D.C. 20036

Proposed Special Regulatory Counsel

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., | ) | Case No. 02-12873 (PJW) |
| CTC COMMUNICATIONS CORP., | ) | |
| CTC COMMUNICATIONS OF VIRGINIA, INC., | ) | (Joint Administration Pending) |
| and CTC COMMUNICATIONS LEASING CORP., | ) | |
| | ) | |
| Debtors | ) | **Ref. Docket No. _____** |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
GOLDBERG, GODLES, WIENER & WRIGHT
AS SPECIAL REGULATORY COUNSEL FOR THE DEBTORS**

This matter having come before the Court on the application (the "Application"; capitalized terms not defined herein having the same meanings ascribed to them in the Application) of the above-captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors"), seeking entry of an Order pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of Goldberg, Godles, Wiener & Wright ("G2W2") as Special Regulatory Counsel to the Debtors; and upon consideration of the Application, the Affidavit of Henry Goldberg, Esq., a partner of the firm of G2W2 (the "Goldberg Affidavit"); and the Court having considered the submissions and arguments of counsel, and the opposition thereto, if any; and it appearing that the Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Application has been given as provided in the Application and that no other or further notice need be given; and sufficient cause appearing therefor; it is

WP3:816516.3     61500.1001

ORDERED that, in accordance with section 327(e) of the Bankruptcy Code, the Debtors, as debtors in possession, be, and they hereby are, authorized to employ and retain G2W2 as their Special Regulatory Counsel under a general retainer upon the terms and conditions set forth in the Application effective as of the commencement of these cases; and it is further

ORDERED that G2W2 shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Federal Rules of Bankruptcy Procedure as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: Wilmington, Delaware
_____, 2002

_____
Peter J. Walsh
Chief United States Bankruptcy Judge